## Wash v. Hendrick.

(Decided May 2, 1911.)

## Appeal from Trigg Circuit Court.

Appeals—Affirming Upon Evidence—This appeal presenting a question of fact, the record showing that a fair trial was had in the court below upon the issues raised, the verdict of the jury will not be disturbed.

ROBT. CRENSHAW for appellant.

JOHN W. KELLEY for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

This action was instituted by appellee against the administrator of M. H. Jagoe and E. E. Wash upon an indemnifying bond. A trial was had in the lower court in which appellee recovered a judgment for $370.00, but upon motion of both parties the court set the verdict aside and granted a new trial. On the next trial appellee recovered a judgment for $374.00; and both parties again moved the court to set the verdict aside and grant a new trial, but the court refused to do so. Defendant appeals, but appellee does not prosecute a cross-appeal, or even file a brief. The facts are about these: Jagoe's administrator recovered two small judgments in the quarterly court against appellee; together, they amounted to about $400.00, and he had executions issued on these judgments which were returned "no property found." Appellee was a tenant upon a farm near Cerulean Springs, Trigg County. He and his son raised a crop of tobacco in 1909; the tobacco was sold and the proceeds, something over $400.00, were deposited in a bank in Cerulean Springs. It is admitted that $100.00 of this money belonged to the son. Appellee owed debts to two banks in Cadiz, Ky., and he went there on November 9th, 1909, and drew checks in their favor upon the Bank of Cerulean Springs which about consumed the money deposited there to his credit. The main issue tried in the lower court was whether he drew these checks against the Cerulean Springs' bank before or after he learned of the re-issual of the executions in favor of Jagoe's administrator upon these judgments in the quarter-

ly court. Whether an indigent debtor can be made to suffer a loss of all exemptions provided by the statutes for the benefit of himself and members of his family dependent upon him for support, because that after he learned of the issual of executions against him, he pays honest debts with money then on hand, in other words, by his act prefers creditors, is a question not necessary to be decided, as there is no cross-appeal. There is much conflict in the testimony on the main issue raised; and the court told the jury, in effect, that if appellee drew these checks on the Cerulean Springs' bank in favor of the Cadiz banks after he learned that the execution in favor of Jagoe's administrator had been issued, they would find for the defendant. This, in our opinion, was, at least, as favorable to appellant as he could ask. It is true, the execution in favor of Jagoe's administrator created a lien upon all the property owned by appellee subject to execution, at the moment it was placed in the hands of the sheriff for levying. The property exempt to him by statute for the support of himself, wife and six infant children was not subject to the lien created by the execution. The money in the Cerulean Spring bank was not subject to execution, but was to garnishment. Appellant had a reasonably fair trial in the lower court of the issues raised, and we do not feel authorized to disturb the verdict of the jury.

Therefore, the judgment is affirmed.